UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GILBERT RAMIREZ, III,

    Petitioner,

vs.                              Case No. 3:13-cv-979-J-39JRK

SECRETARY, DOC, et al.,

    Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) on August 8, 2013 pursuant to the mailbox rule.[1] He challenges his 2008 Duval County conviction for armed burglary with battery.

The Eleventh Circuit, in Espinosa v. Sec'y, Dep't of Corr., No. 14-10581, 2015 WL 6405404, at *2 (11th Cir. Oct. 23, 2015), very recently stated:

---

[1] The Petition was filed with the Clerk on August 12, 2013; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (August 8, 2013). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

> The Antiterrorism and Effective Death Penalty Act provides a "1-year period of limitation ... [for] an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The period runs from the latest of four dates, including, as applies here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation...." Id. § 2244(d)(2).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' Motion to Dismiss Petition as Untimely (Response) (Doc. 9). In support of this contention, they have submitted exhibits.[2] (Doc. 9). Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. 6). Petitioner filed a Response to Motion to Dismiss Petition as Untimely (Doc. 10) (Reply).

Pursuant to the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA), there is a one-year period of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

---

[2] The Court hereinafter refers to the exhibits as "Ex."

>>limitation period shall run from the latest of–
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In pertinent part, the record shows the following. Petitioner was charged by an information with burglary of a dwelling. Ex. A at 9. The jury found him guilty as charged. Id. at 49; Ex. D at 241. Petitioner moved for a new trial. Ex. A at 50-55. The trial court denied the motion. Id. at 56. On February 2, 2005, the

court entered judgment and sentenced him to twenty-two years as a habitual felony offender. Id. at 64-69.

Petitioner appealed. Id. at 71; Ex. F; Ex. G; Ex. H. The First District Court of Appeal, on March 7, 2006, vacated the judgment and sentence and the order of denial of the motion for new trial and remanded the case for consideration of the motion for new trial. Ex. I at 1-9. The mandate issued on March 23, 2006. Id. at 10.

On remand, the trial court appointed Gregory J. Messore, Petitioner's trial counsel, as counsel. Ex. K at 17. The parties took the sworn statement of the alternate juror, Shakira Sims. Id. at 19-39. The trial court conducted a hearing on June 26, 2006, with Petitioner, his counsel, and the Assistant State Attorney present. Id. at 60-72. In an Order filed on June 29, 2006, the trial court denied the motion for new trial and reinstated the judgment and sentence. Id. at 40-42.

Petitioner sought a belated appeal. Ex. J. The First District Court of Appeal, on September 12, 2007, granted a belated appeal and appointed the Public Defender to represent Petitioner. Ex. K at 50-51. The mandate issued on October 1, 2007. Id. at 49. Through counsel, Petitioner submitted an appeal brief. Ex. L. The state answered. Ex. M. Petitioner replied. Ex. N. On January 13, 2009, the First District Court of Appeal affirmed per curiam. Ex. O. The mandate issued on January 29, 2009. Id.

Of import, Petitioner's conviction became final on April 13, 2009 (90 days after January 13, 2009) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). The statute of limitations period began to run on April 14, 2009, and expired prior to Petitioner filing a Rule 3.850 motion on September 14, 2010. Ex. Q at 1-5. Therefore, the one-year limitations period expired long before Petitioner filed the instant federal Petition on August 8, 2013. Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.

Before addressing the question of whether equitable tolling is warranted under the circumstances presented, there is one matter that merits a brief discussion. The Court recognizes that on October 22, 2009, Petitioner filed a trial-level mandamus petition asking the trial court to issue an order directing his trial counsel to provide Petitioner with a copy of the case file and records. Ex. P-1 at 1-17. On July 15, 2010, the trial court dismissed the petition finding:

> The Defendant attaches to his Petition copies of two Requests for Case Records from Attorney, dated May 21, 2007 and July 6, 2007, which he alleges he sent to trial counsel and received no response. However, upon review of the Defendant's exhibits, the Court finds that

5

> the Requests were returned to the Defendant by the post office as "not deliverable as addressed." Accordingly, the Defendant has failed to establish that he has made a valid request for documents to trial counsel. Because the Defendant's Petition does not state a facially sufficient claim for relief, it is subject to dismissal. Gilliam v. State, 996 So.2d 956, 958 (Fla. 2d DCA 2008).

Ex. P-1 at 1.

The limitations period was not tolled during the pendency of the mandamus petition as it does not constitute a tolling event. In the mandamus petition, Petitioner sought free copies of records from his trial counsel. Upon review, the mandamus petition did not challenge the underlying conviction. Instead, it sought material that might help in developing a challenge. See Brown v. Sec'y for the Dep't of Corr., 530 F.3d 1335, 1338 (11th Cir. 2008) (finding a Rule 3.853 proceeding involves an application for discovery, not a challenge to the conviction, and does not toll AEDPA's limitations period during its pendency); Leath v. McNeil, No. 3:07-cv-145-J-34HTS, 2008 WL 5427781, at *3 (M.D. Fla. Dec. 30, 2008) (holding a motion for DNA testing is not an application for post conviction or other collateral review for purposes of tolling under AEDPA).

In his mandamus petition, Petitioner sought an order from the trial court directing trial counsel to provide Petitioner with free copies of records and files, an act "pursuant to which the court

lacks authority to order relief from the movant's sentence or conviction . . . ." Brown, 530 F.3d at 1337. Thus,

> Petitioner's argument lacks merit. "[A] public records request and litigation concerning the same is not a collateral attack and is irrelevant to a time limitation calculation." Williams v. Sec'y, Dep't of Corr., 2009 WL 1046131, *2 (M.D. Fla. Apr.20, 2009); see May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003) ("The district court correctly determined that the limitations period should not be tolled during the pendency of Mr. May's various motions for transcripts and petitions for writs of mandamus relating to those motions."). Notably, for purposes of state post-conviction motions, public records requests "may not be used by any inmate as the basis for failing to timely litigate any postconviction action." Fla. Stat. § 119.07(8) (2006).

Washington v. Tucker, No. 4:11CV414-SPM/CAS, 2012 WL 1964526, at *2 (N.D. Fla. May 11, 2012), report and recommendation adopted by 2012 WL 1969049 (N.D. Fla. May 31, 2012).

As such, the limitations period was not tolled during the pendency of Petitioner's mandamus petition. Thus, this action, filed on August 8, 2013, was filed well after the one-year limitation period expired.

In his Reply, Petitioner claims that he should be entitled to equitable tolling of the limitations period because there were "circumstances that were beyond his control and he acted with due diligence in obtaining records, documents and transcripts necessary and vital to the preparation of his 3.850 post conviction motion." Reply at 2. Of import, "[t]he limitations period is subject to

7

equitable tolling." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 474 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)). "A petitioner is entitled to equitable tolling only if he shows both '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" Thomas v. Attorney Gen., State of Fla., No. 13-14635, 2015 WL 4597532, at *5 (11th Cir. July 31, 2015) (citing Holland, 560 U.S. at 649) (quotation omitted). It is also recognized that equitable tolling of the time bar is an extraordinary remedy that must be used sparingly, in only exceptional circumstances. Id. (citation omitted); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). Upon a thorough review of

the record, Petitioner has not met the burden of showing that equitable tolling is warranted.

In response to Petitioner's contention that he was entitled to equitable tolling, the Court ordered Respondents to address his assertion that he has met this hurdle. Order (Doc. 12). Respondents filed a Response Opposing Rameriz's Claim for Equitable Tolling (Supplemental Response) (Doc. 13). The Court granted Petitioner an extension of time to file a reply. Order (Doc. 15). Petitioner submitted a Reply in Opposition to Respondents' Response Opposing Petitioner's Claim for Equitable Tolling (Supplemental Reply) (Doc. 19).

The Court concludes that Petitioner has not presented any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. In his Supplemental Reply, Petitioner argues that this Court should find that he is entitled to equitable tolling because he was trying to obtain records, "tools" that he needed in order to prepare an adequate Rule 3.850 motion. Supplemental Reply at 1. With regard to Petitioner's claim of due diligence, Respondents point out that once Petitioner's letters to his trial counsel requesting copies of his file and records were returned as undeliverable, all Petitioner had to do was write the Florida Bar and request counsel's current address. Supplemental Response at 4. Petitioner states: "[t]his is a mistake on the Respondent's behalf because the confusion came

to the Petitioner when every time he received a letter back from the Public Defender's office the letters still listed Mr. Messore as an employee from that office. **Exhibit (c).**"[3] Supplemental Reply at 2.

This argument has absolutely no merit. Petitioner's counsel was no longer employed by the Public Defender's Office, and Petitioner actually utilized a private law firm address to try to obtain records from his trial counsel. In fact, Petitioner addressed the May 21, 2009 Request for Case Records from Attorney to: The Law Offices of Greg Messore, 411 East Monroe Street-Suit[e] 201, Jacksonville, Florida 32202. Ex. P-1 at 9-10. This letter was returned to Petitioner marked: "Return to Sender[,] Not Deliverable as Addressed[,] Unable to Forward[.]" Id. at 8. Instead of contacting the Bar to obtain the forwarding address, Petitioner again, on July 6, 2009, wrote his trial counsel at the same law firm address. Id. at 12-13. The second letter to counsel was returned for the same reasons previously indicated. Id. at 11.

As such, Petitioner was aware, as early as July, 2009, that he did not have the proper address for his counsel. Petitioner simply failed to write the Florida Bar to obtain counsel's forwarding address. Indeed, the trial court rejected the petition for writ of

---

[3] Apparently, the Public Defender's Office continued to use an outdated letter-head listing Gregory Messore as an Assistant Public Defender long after he departed the Public Defender's Office. See Ex. P-1 at 14, Letter Dated October 5, 2009.

10

mandamus, finding Petitioner failed to establish that he made a valid request for documents to trial counsel because the requests for records were returned as undeliverable as addressed and not ignored by counsel with "no response." Ex. P-1 at 18-19.

Of particular significance to this issue, the record shows the following. The trial court appointed Mr. Messore as counsel for Petitioner on the remanded motion for new trial. Ex. K at 17. When counsel took the deposition of Shakira Sims on June 9, 2006, his address was listed as: Law Office of Greg Messore, 411 East Monroe Street, Suite 201, Jacksonville, Florida 32202. Id. at 20. Counsel stated on the record that "I used to be with the Public Defender's Office. Now I'm out on my own, so times have changed." Id. at 21. The Court's Order Denying Motion for New Trial and Reinstating Judgment and Sentence, filed June 29, 2006, shows that copies were provided to Mr. Messore at his law firm address and to Petitioner at his prison address. Id. at 40-42. Thus, there is no question that Petitioner knew that his counsel had left the Public Defender's Office and was in private practice. This is evidenced by the fact that Petitioner wrote his counsel at a private law firm address.

Petitioner's failure to contact the Bar to obtain counsel's forwarding address, knowing that counsel had left the Public Defender's Office and was in private practice, does not constitute an exercise of reasonable diligence. In sum, the Court is not

11

persuaded the Petitioner diligently attempted to ascertain the new address of his trial attorney.  Instead, he just re-mailed a request for records to the same out-dated address.  As noted by Respondents, there is nothing extraordinary about an attorney changing a mailing address, particularly after several years passed after the representation.  Here, Petitioner's 2009 letters to counsel were sent long after counsel's representation of Petitioner in 2006.  Ex. K at 40-42, 71.

Petitioner also attempts to rely on <u>Martinez v. Ryan</u>, 132 S.Ct. 1309 (2012) to argue that his counsel abandoned him after the evidentiary hearing on the motion for new trial in state court. Supplemental Reply at 6.  The record does not evince abandonment. On the contrary, the record demonstrates that counsel requested that the Public Defender be appointed to represent Petitioner on appeal.  At the conclusion of the hearing on June 26, 2006, Mr. Messore said: "I would only ask if Mr. Ramirez can't afford his own counsel that the Public Defender Officer be appointed to represent him in any future appeal."  Ex. K at 71.  The court responded: "[t]hey will be appointed."  <u>Id</u>.  The record also shows that Assistant Public Defender Richard M. Summa represented Petitioner on appeal after the trial court denied the motion for new trial and reinstated the judgment and sentence.  Ex. L; Ex. N.

To the extent that Petitioner is attempting to rely on <u>Martinez</u> to excuse his untimely filing because of counsel's alleged

12

unresponsiveness during state post conviction proceedings, such a claim does not excuse Petitioner's untimely filing of his Petition. The holding in Martinez is inapplicable to this case:

> The Eleventh Circuit has expressly rejected petitioner's argument that Martinez applies to overcome the statute of limitations bar. Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) (holding that "the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

Sledge v. Jones, No. 3:14-cv92/MCR/CJK, 2015 WL 521057, at *4 (N.D. Fla. Feb. 9, 2015), appeal filed by Sledge v. Jones (11th Cir. Mar. 12, 2015). The Eleventh Circuit explained:

> As our discussion shows, the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period. The § 2254 ineffective-trial-counsel claims in Martinez and Trevino were not barred by AEDPA's one-year limitations period. Instead, those § 2254 claims were dismissed under the doctrine of procedural default because the petitioners never timely or properly raised them in the state courts under the states' procedural rules. At no point in Martinez or Trevino did the Supreme Court mention the "statute of limitations," AEDPA's limitations period, or tolling in any way.

Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir.), cert. denied, 135 S.Ct. 106 (2014).

In Petitioner's case, there has been no proof of "bad faith, dishonesty, or the like on counsel's part" in counsel's not sending

13

Petitioner a copy of the trial court record after his representation concluded. See Wereski v. McNeil, No. 3:08cv213/LAC/EMT, 2009 WL 1098465, at *6 (N.D. Fla. Apr. 22, 2009) (finding that counsel's failure to send records on appeal did not entitle Petitioner to equitable tolling when there was no evidence of egregious attorney misconduct). Also, Petitioner has failed to support his assertion that obtaining transcripts was a necessity in order to complete his Rule 3.850 motion. See Neal v. McNeil, No. 3:09cv23/MCR/EMT, 2010 WL 298294, at *7 (N.D. Fla. Jan. 15, 2010) (holding that the petitioner failed to show that denial of a copy of a trial transcript prevented his filing of a Rule 3.850 motion because in Florida, the Rule 3.850 form provides the applicant with the structure to state the grounds and briefly summarize the facts supporting those grounds without any requirement of attaching transcripts or providing citations to the transcripts).

Finally, Petitioner could have filed his motion for post conviction relief while explaining to the court that he was unable to obtain the transcript from his attorneys or the clerk's office. Bennett v. McNeil, No. 3:10cv118/LC/MD, 2010 WL 5169084, at *5 (N.D. Fla. Nov. 8, 2010) (footnote omitted) (citing Powe v. Culliver, 205 F. App'x 729, 734-35 (11th Cir. 2006), cert. denied, 549 U.S. 1270 (2007)), report and recommendation adopted by 2010 WL 5173693 (N.D. Fla. Dec. 13, 2010). In fact, he could have sought

14

leave to amend the Rule 3.850 after filing his initial motion on the form.

Petitioner also complains that the State of Florida diminished his ability to file his Rule 3.850 motion by requiring that claims of ineffective assistance of counsel be made outside of the direct appeal process. Supplemental Reply at 7. Upon review, this clearly does not constitute an extraordinary circumstance excusing Petitioner's untimely filing of his federal Petition. All convicted offenders in Florida must comply with this requirement. Therefore, there is nothing extraordinary about it. Moreover, pro se representation alone is not a meritorious excuse and is insufficient to warrant equitable tolling. Johnson v. United States, 544 U.S. 295, 311 (2005). While the Court recognizes that the lack of a formal education presents challenges, it does not excuse Petitioner from complying with the time constraints for filing a federal petition. Moore v. Bryant, No. 5:06cv150/RS/EMT, 2007 WL 788424, at *2-*3 (N.D. Fla. Feb. 12, 2007) (not reported in F.Supp.2d) (Report and Recommendation), report and recommendation adopted by the District Court on March 14, 2007.

And finally, construing the Supplemental Reply liberally, Petitioner claims there was limited prison law library access during the time period in which he needed to pursue post conviction remedies because the prison system removed a vast majority of legal books from Columbia Correctional Institution (CCI) as outdated, and

15

CCI was on lockdown for the majority of the time during the last five years.[4] Supplemental Reply at 7. This claim is unavailing; Petitioner may seek access to legal materials even if he is in confinement status by requesting delivery of the legal materials. Furthermore, although the number of books in an institutional law library may be reduced, on-line legal library resources are vast. The Court finds this entire argument unavailing.

> "[C]ircumstances warranting equitable tolling" do not include restricted access to a law library. Miller v. Florida, 307 Fed. Appx. 366, 368 (11th Cir. 2009) (citing Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000); see also Paulcin v. McDonough, 259 Fed. Appx. 211, 213 (11th Cir. 2007) ("Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances."); Coleman v. Mosley, 2008 WL 2039483 at *3 (M.D. Ala. May 12, 2008) ("Petitioner'[s] *pro se* status, ignorance of the law, limited law library access, and lack of legal assistance are insufficient grounds on which to toll the limitation period.").

Couch v. Talladega Circuit Courts, No. 1:11-cv-1737-JFG-MHH, 2013 WL 3356908, at *5 (N.D. Ala. July 3, 2013).

Petitioner's claim of limited law library access does not constitute an extraordinary circumstance, and Petitioner has not met the burden of showing that equitable tolling is warranted.

---

[4] The claim of CCI being on lockdown for the majority of the time during the last five years appears to be a greatly exaggerated contention and is completely unsupported.

Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. He fails to demonstrate he is entitled to equitable tolling. Also of note, Petitioner does not assert or demonstrate that he has new evidence establishing actual innocence. See Reply and Supplemental Reply. Therefore, this Court will grant Respondents' Motion to Dismiss Habeas Petition as Untimely, and dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss Habeas Petition as Untimely (Doc. 9) is **GRANTED**.

2. The Petition is **DISMISSED with prejudice**.

3. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

4. The **Clerk** shall close the case.

5. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[5] Because this Court

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of November, 2015.

_____
BRIAN J. DAVIS
United States District Judge

sa 10/29
c:
Gilbert Ramirez, III
Counsel of Record

---

certificate of appealability.